**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISIONAL OFFICE**
**AT MEMPHIS**

| | | |
|---|---|---|
| **SHANNA RICHARDSON,** | ) | |
| | ) | CIVIL ACTION NO. 2:19cv02748-MSN-dkv |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Mark S. Norris |
| | ) | |
| **LINCOLN FINANCIAL GROUP d/b/a LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,** | ) | Chief Magistrate Judge Diane K. Vescovo |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Lincoln Financial Group d/b/a Liberty Life Assurance Company of Boston[1] ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Shanna Richardson ("Plaintiff"), and states as follows:

**JURISDICTION AND VENUE**

1. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits that Lincoln Life Assurance Company of Boston (f/k/a Liberty Life Assurance Company of Boston) is a New Hampshire Corporation with its principal place of business in Radnor, Pennsylvania. Lincoln further admits that it is legally authorized to conduct its business in Tennessee and that it was properly served in this action. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

---

1 There is no entity named "Lincoln Financial Group" as that is the marketing name for Lincoln National Corporation and its affiliates. Liberty Life Assurance Company of Boston is now known as Lincoln Life Assurance Company of Boston, which is the correct name of the Defendant in this action.

3. Lincoln admits that this Court has jurisdiction over this action pursuant to 28 USC §§ 1331 and 1332. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits that by this action, Plaintiff is seeking recovery of long term disability benefits from an employee benefit plan and that Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Lincoln denies Plaintiff is entitled to any such relief or recovery and denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits Plaintiff was, at certain times, employed by Nike, Inc. ("Nike") and that Nike sponsored the Nike, Inc. Long-Term Disability Plan (the "LTD Plan") to provide long term disability benefits to certain of its employees. Lincoln admits that Plaintiff submitted a claim for benefits from the LTD Plan under the Policy and that 7164999 is the claim number assigned to Plaintiff's claim. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits that Plaintiff submitted a claim for benefits from the LTD Plan under the Policy. Lincoln admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to these documents themselves as the best evidence of the contents. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that Plaintiff received, at certain times, benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits it sent a letter dated May 16, 2019, to Plaintiff's counsel, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits it received an appeal of the denial of further benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits it sent a letter dated June 4, 2019, to Plaintiff's counsel, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits it sent a letter dated July 19, 2019, to Plaintiff's counsel, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits it sent a letter dated August 29, 2019, to Plaintiff's counsel, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits it sent a letter dated August 29, 2019, to Plaintiff's counsel, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under the Policy under 29 U.S.C. §

1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits the Policy includes language pertaining to the calculation of benefits under the Policy and the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln denies all allegations contained in Paragraph 16 of the Complaint.

17. Lincoln denies all allegations contained in Paragraph 17 of the Complaint.

18. Lincoln denies Plaintiff is entitled to the relief sought in the WHEREFORE Paragraph.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the LTD Plan under the Policy was an abuse of discretion because the Policy and relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which require offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Lincoln reserves the right to assert additional defenses.

## PRAYER

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing by this action; that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 27th day of November 2019.

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers (Texas Bar # 16452560)
(Admission to TN Western District pending)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was served upon all known counsel of record via the Court's ECF Mail System upon the following:

John E. Dunlap, Esq.
Email: jdunlap00@gmail.com

November 27, 2019 — Date

/s/ Iwana Rademaekers — Iwana Rademaekers